UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

_____

AARON RAMOS,

      Plaintiff,

vs.                                                                                  Civil No. 13-00129-WJ-CG

EMERALD CORRECTIONAL MANAGEMENT, LLC;
JOHN KELLER; JOHN DOES 1-4,

      Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S REQUEST FOR SANCTIONS PURSUANT TO 28 U.S.C. § 1927

THIS MATTER comes before the Court upon a Motion for Sanctions Pursuant to 28 U.S.C. § 1927, filed on April 9, 2013 by Defendant Emerald Correctional Management, LLC ("Defendant") **(Doc. 22)**. Having reviewed the parties' briefs and applicable law, and considering oral arguments at the hearing held on June 18, 2013, the Court finds Defendant's motion to be meritorious and that sanctions should be imposed on Plaintiff's counsel, Mr. J. Robert Beauvais, under 28 U.S.C. § 1927.

### BACKGROUND

Plaintiff in this case brought federal constitutional and state law tort claims against Defendant for injuries he received while incarcerated at Lincoln County Detention Center. In the complaint, Plaintiff alleges that he was attacked by inmate enemies after an external secure perimeter door to the outdoor recreation yard was left open and unattended. Plaintiff filed the complaint on December 11, 2012 in the Twelfth Judicial District, County of Lincoln. Defendant removed the case to federal court on February 26, 2013.

I.   **Court's Previous Rulings – Federal Claims**

On April 2, 2013, the Court entered a Memorandum Opinion and Order (Doc. 20) which granted Defendant's Motion to Dismiss (Doc. 5); denied Plaintiff's Motion to Remand (also self-styled as "Objections to Removal") (Doc. 9); and denied Defendant's Motion for Sanctions (Doc. 14) without prejudice, allowing Defendant to re-file the motion under Rule 11 with proof that Defense counsel followed Rule 11's "safe harbor provision", or in the alternative, to re-file seeking sanctions under 28 U.S.C. § 1927.  The Court granted Defendant's Motion to Dismiss on Plaintiff's federal claims because they had been previously litigated and decided in an earlier federal lawsuit presided over by U.S. Court of Appeals Judge Bobby R. Baldock, who was sitting on the district court by designation. *See Ramos v. County of Lincoln, et al.*, Civil No. 12-575 BRB-SMV, Doc. 19 at 8 ("previous federal lawsuit"). In the previous federal lawsuit, Judge Baldock concluded that Plaintiff had failed to state a claim under *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and dismissed the federal claims with prejudice.  Thus, Plaintiff was precluded from pursuing these claims in a second lawsuit filed in state court and removed to federal court under the doctrines of collateral estoppel and res judicata.

The Court denied Plaintiff's Motion to Remand because the complaint clearly asserted federal claims, despite Plaintiff's counsel's vehement protestations to the contrary.  The Court found several unmistakable references invoking federal jurisdiction, not merely a stray remark inadvertently left in the complaint after revision:

- Defendant Emerald willfully disregarded Plaintiff's rights "guaranteed by the First and Fourteenth Amendments to the United States Constitution," ¶ 7;

- Plaintiff's prayer for relief requests compensation for violation of his "constitutional rights";

- Plaintiff's assertion that his "constitutional right to be safe and secure in his person and right to procedural and substantive due process" were violated," ¶ 22; and of course,

2

- Plaintiff's request for attorney's fees pursuant to federal statute, 42 U.S.C. § 1988.

Doc. 20 at 4.

## II.   Court's Previous Rulings – State Law Claims

In ruling on Defendant's Motion to Dismiss in the instant case, the Court also addressed and ruled on Plaintiff's state law claims brought pursuant to the New Mexico Tort Claims Act, NMSA 1978 41-4-4 et seq. ("Tort Claims Act"). The Court based its dismissal of these claims on two grounds: (1) the claims were barred by the two-year statute of limitations set forth in the Tort Claims Act; and (2) Plaintiff failed to state a claim for which relief can be granted because he failed to identify a specific waiver of immunity under the Tort Claims Act. The Court noted that while Plaintiff did not clearly identify a waiver provision, the two provisions referenced vaguely in the complaint were not sufficient as a plausible basis for relief under the Tort Claims Act. Doc. 20 at 7-8.

These state law claims are not related to the Court's consideration of sanctions except with regard to one of the provisions in the Tort Claims Act, § 41-4-12, on which Plaintiff's counsel relies for his explanation for re-filing federal claims. This Court ruled in the Memorandum Opinion and Order that Plaintiff's claims could not be brought under § 41-4-12, which provides a waiver of immunity for certain torts committed by law enforcement officers, because the claims were brought against corrections officers who are not law enforcement officers under New Mexico law. *See Callaway v. New Mexico Dept. of Corrections,* 117 N.M. 637, 641 (Ct. App. 1994).

In the opinion, the Court did not engage in a detailed discussion of the case law concerning the status of detention or corrections officers under the Tort Claims Act cited by Plaintiff in his motion to remand. However, Plaintiff's position on this issue has now become

relevant to the issue of sanctions because Mr. Beauvais is relying on a line of cases which address liability of law enforcement officers under the Tort Claims Act. However, none of these cases stand for the proposition advanced by Mr. Beauvais that the corrections officers who are Defendants in this case are "law enforcement officers" under § 41-4-12.

To address each in turn, Mr. Beauvais cites *McDermitt v. Corrections Corp. of America*, 112 N.M. 247 (Ct. App. 1991), in which the New Mexico Court of Appeals held that a plaintiff could not recover for negligent training or supervision in the absence of either a tort listed in § 41–4–12 or a deprivation of a right secured by the federal or state constitution or laws. *McDermitt* did not address whether corrections or detention officers were "law enforcement officers" for purposes of liability under § 41-4-12. In his motion to remand, Plaintiff also cited to *Abalos v. Bernalillo County Dist. Atty's Office,* where the court held that the district attorney, his assistants, and personnel of that office were not law enforcement officers under the Tort Claims Act. 105 N.M. 554, 734 P.2d 794 (Ct. App. 1987). In *Wells v. Valencia County,* 98 N.M.3 (1982), another case cited by Plaintiff, the New Mexico Supreme Court mentioned in passing that § 41-4-12 "waived immunity for certain specified torts and for the violation of constitutional rights when caused by law enforcement officers." *Id.* at 6. There was no discussion of any kind in *Wells* on whether corrections officers are "law enforcement officers" under the Tort Claims Act, much less any finding on that issue. Two other cases mentioned in Plaintiff's reply (Doc. 16) were also completely irrelevant. In *Methola v. Eddy County,* 95 N.M. 329 (1980), the individual defendants were sheriff's deputies, and not private company corrections officers, and thus were clearly "law enforcement officers" under § 41-4-12. In *Coyazo v. State,* 120 N.M. 47 (Ct. App. 1995), the court found that the district attorney was not a

"law enforcement officer," for purposes of the exception to general sovereign immunity covering state employees under the Tort Claims Act.

The difference between what Mr. Beauvais claims these cases stand for (that corrections officers are "law enforcement officers" under § 41-4-12), and what they actually say, makes the Court question whether Mr. Beauvais actually read the cases on which he relies.  Not one of the cases relied on by Plaintiff supports the position that the individual Defendants in this case are "law enforcement officers" under the Tort Claims Act.   Additionally, Mr. Beauvais completely ignores the New Mexico case which does directly address the issue of whether the individual Defendants in this case are "law enforcement officers" under § 41-4-12.   In *Callaway v. N.M. Dept. of Corrections,* the New Mexico Court of Appeals examined the statutory distinction between law enforcement officers and detention officers, noting that the duties of the former relate to individuals accused of crimes, maintaining the public order or making arrests for crimes, while the duties of the latter involve the custody and discipline of convicts.[1]  117 N.M. 637, 641 (Ct. App. 1994).  The Court of Appeals concluded that corrections officers were not law enforcement officers for purposes of State Tort Claims Act waiver of immunity.  *Id.*   Despite this clear holding, Mr. Beauvais continues to rely on New Mexico cases which have no bearing on the circumstances of this case.

## DISCUSSION

Defendant re-submitted its motion for sanctions, as provided in the Court's Memorandum Opinion and Order, limiting the motion to a request for sanctions under 28 U.S.C. § 1927. On

---

[1]  In light of *Callaway's* definitive holding, the Court considered it pointless to engage in a discussion of the case law cited by Plaintiff, since none of it had any bearing on the issues.  The Court includes some discussion here solely for the purpose of demonstrating the lack of any legal support for Plaintiff's contention that the individual defendants in this case come under the § 41-4-12 "exception" in the Tort Claims Act in which sovereign immunity is waived for liability of law enforcement officers.

June 18, 2013, the Court heard oral argument on the motions and took the matter under advisement.[2]

## I. Legal Standard

28 U.S.C. § 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Sanctions are appropriate when an attorney acts recklessly or with indifference to the law; is cavalier or bent on misleading the court; intentionally acts without a plausible basis; or when the entire course of the proceedings is unwarranted. *Steinert v. Winn Group*, *Inc.*, 440 F.3d 1214, 1221 (10th Cir. 2006). An attorney's actions are measured under the standard of objective bad faith. *Braley v. Campbell*, 832 F.2d 1504, 1512 (10th Cir. 1987) (en banc). The Court also has the inherent right to manage its own proceedings. It has authority under its own inherent powers to deter frivolous and abusive litigation and promote justice and judicial efficiency by imposing monetary sanctions. *See Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764-67 (1980); *Braley*, 832 F.2d at 1510 n. 4; *Link v. Wabash R. Co*., 370 U.S. 626, 632 (1962) (recognizing the well-acknowledged inherent power of a court to levy sanctions in response to abusive litigation practices).

## II. Analysis

Defendant seeks sanctions against Mr. Beauvais, contending that his re-filing of the complaint in state court containing the identical federal claims that were dismissed by Judge Baldock in the previous federal lawsuit constitutes sanctionable conduct under 28 U.S.C. § 1927.

A.  Re-filing of Federal Claims

---

[2] Oral argument was heard by telephone at counsel's request.

The Court has again reviewed both the Amended Complaint which was filed in the previous federal lawsuit (12cv00575, Doc. 11), and the state court complaint that was eventually removed to this Court (Doc. 1-1). Both are based on identical facts. The complaint in the previous federal lawsuit consists of two counts: Count I, alleging a "Violation of Constitutional Rights, Procedural Due Process," and Count II, alleging state law claims under the Tort Claims Act. Count I (¶¶ 8-22) refers to the First and Fourteenth Amendments and to violations of Plaintiff's rights to "health, welfare and safety."

The state court complaint which was removed to this court contains only a "Count II," starting at ¶22. The words "Count I" do not appear on the state court complaint, but the text in ¶¶ 8-22 is virtually identical to Count I in the previous federal lawsuit, including the references to the First and Fourteenth Amendments, and the same description of the particular rights violated. The state court complaint refers to jurisdiction under the New Mexico Tort Claims Act, but omits reference to 28 U.S.C. § 1331 and does not contain the words "federal question jurisdiction," which were stated in the complaint to the previous federal lawsuit. Mr. Beauvais argues that removal of the words "federal question jurisdiction" and "28 U.S.C. § 1331" removes any assertion of federal claims, notwithstanding the fact that state court complaint alleges violations of the "First and Fourteenth Amendments."

Defendant contends that instead of conceding his error and withdrawing his federal claims, Plaintiff's counsel continued to file multiple pleadings contesting any grounds to remove the case. In those pleadings, Mr. Beauvais maintained his position that he was not asserting any federal claims and that the complaint had been improperly removed. His response to Defendant's motion to dismiss was a short statement of black-letter law on proper grounds for removal. Doc. 10. His response to Defendant's motion for Rule 11 sanctions refers to the Tort

7

Claims Act, specifically, § 41-4-12, and states that the complaint should not have been removed because it does not specifically include the words "federal question." *See* Doc. 16 at 2 ("Nowhere in the pleading are the words 'federal question' found."). Mr. Beauvais' motion to remand also insisted that removal of the words "federal question jurisdiction" was sufficient to remove any assertion of federal claims. Doc. 9 at 3. Plaintiff's reply (Doc. 19) continued in the same vein, contending that all claims were asserted under § 41-4-12 of the Tort Claims Act. Doc. 16.

In the most recent response to Defendant's motion for sanctions under § 1927, Mr. Beauvais adheres to the same position. At the telephonic hearing, Mr. Beauvais stated, "You bet my Complaint is replete with references to the Constitution, because that was the basis for the claim." *See* Doc. 30 (Transcr. of 6/18/2013 hearing) at 11:13-15. All four pages of his response are devoted to case law regarding lawsuits against law enforcement officers under § 41-4-12 of the Tort Claims Act. The Court has attempted to make some sense out of what Mr. Beauvais is arguing, from his written pleadings and oral argument at the hearing. He relies heavily on the "exception" to the Tort Claims Act based on § 41-4-12, which waives immunity for certain torts against law enforcement officers:

> The immunity granted pursuant to Subsection A of Section 41-4-4 NMSA 1978 does not apply to liability for personal injury, bodily injury, wrongful death or property damage resulting from assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, defamation of character, violation of property rights or deprivation of any rights, privileges or immunities **secured by the constitution and laws of the United States** or New Mexico when caused by law enforcement officers while acting within the scope of their duties.

NMSA 1978 § 41-4-12. (emphasis added).

It appears to the Court that, based on the highlighted language in § 41-4-12, Mr. Beauvais extrapolates that he may assert claims alleging violations of the United States Constitution under

the Tort Claims Act.  He contends that he can assert claims under the First and Fourteenth Amendments, and request fees under the federal fee-shifting statute (42 U.S.C. § 1988), all as state law claims.  By asserting such claims under the Tort Claims Act, he argues that federal claims are not only morphed into state law claims, but are deprived of any basis for original federal question jurisdiction in federal courts:

> Your Honor, with all due respect, it's simply incorrect to say, if you file a federal claim in state court [sic].  **I filed a state claim in state court asserting a violation of the federal Constitution** because the Tort Claims Act tells me that I can do so.

Doc. 30 at 13:8-13 (emphasis added); and also:

> I filed a **state** claim alleging a **state** cause of action under the Tort Claims Act for violation of the **federal** Constitution.

Doc. 30 at 14:1-12 (emphasis added).

No reasonable reading of § 41-4-12, or of any of the cases cited by Mr. Beauvais, plausibly supports the contention that a federal claim becomes a state law claim if one asserts the federal claim under § 41-4-12 of the Tort Claims Act.  Section 41-4-12 states, expressly and simply, that sovereign immunity does not preclude an individual from asserting federal claims against a law enforcement officer for the enumerated torts listed therein.  No language in the provision suggests that federal claims become state law claims when they are asserted against a law enforcement officer under the Tort Claims Act.

Further, not one of the cases cited by Mr. Beauvais contains any discussion on federal claims.  Those cases address only whether a law enforcement officer can be sued under the Tort Claims Act, and at one point in the hearing, even Mr. Beauvais generally acknowledged the limited holdings in those cases:

> It's the law enforcement ex -- exemption to the -- where we waive sovereign immunity that specifically allows you to sue in state court under the state court

>case -- act against law enforcement officers and local detention officers, and *Menthola* [sic]*, Abalos, Doe, Lessen* all say you can do that. You can sue a detention officer under the law enforcement exception.

Doc. 30 at 14:18-19.  It is inconceivable that Mr. Beauvais relies on these cases to argue that the First and Fourteenth Amendment claims asserted in the Amended Complaint are not federal claims.  As the Court has previously noted, *Abalos* held that the district attorney, his assistants and personnel of that office were not law enforcement officers under the Tort Claims Act. *Methola* concluded that under the Tort Claims Act, law enforcement officers were liable for acts caused by their negligence while acting within the scope of their duties, and *Doe v. City of Albuquerque,* 96 N.M. 433 (1981) held the same regarding law enforcement officers who were city jailers.  In *Lessen v. City of Albuquerque,* 144 N.M. 314 (Ct. App. 2008), the court held that city jailers were not liable under § 41-4-12 because their negligence did not cause any of the enumerated torts in that provision.  The New Mexico Court of Appeals noted that § 41-4-12 does not permit a claim for negligent deprivation of substantive due process when federal law holds that "liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process."  144 N.M. at 322.  For the same reason, the plaintiff in *Lessen* was precluded from asserting a separate claim under 42 U.S.C. § 1983 because negligent conduct does not support claims of due process violations.  *Id.*  *Lessen* should have helped Mr. Beauvais understand that a federal claim brought under § 1983 remains a *federal* claim.  By its definition and nature, it is not brought under state law, nor does it become a state law claim merely because § 41-4-12 states that sovereign immunity is waived for the assertion of claims brought under the United States Constitution.[3]

---

[3] Of course, Mr. Beauvais was not precluded from filing his federal claims in state court, as Mr. Beauvais himself appears to comprehend.  Doc. 30 at 12:5-7 ("[A]nd I believe today that I could file that claim in state court.").  State courts are general jurisdiction courts.  *See Sanchez v. Attorney General,* 93 N.M. 210 (Ct. App. 1979) (constitutional grant of "original jurisdiction" means that district courts are courts of general jurisdiction); Const. art.6, § 13.

At the hearing, Mr. Beauvais also claimed that another New Mexico case, *Wells v. Valencia County,* 98 N.M.3 (1982), held that a plaintiff can sue for constitutional violations under the United States Constitution as state law claims:

> Under [*Wells v. Valencia*] . . . , you can sue for constitutional violations as a state claim; not a federal claim, a state claim in state court.[4]

Doc. 30 at 14:20-22. In *Wells,* the New Mexico Supreme Court addressed the question of whether a plaintiff could bring a § 1983 claim in addition to bringing a claim under the Tort Claims Act, based on the exclusivity provision in the Act, § 41-4-17.[5]  Defendants in that case argued that once a plaintiff asserted a federal § 1983 claim, the state's waiver of immunity was withdrawn for any subsequent claim brought under the Tort Claims Act. The Supreme Court rejected that argument, stating that such a reading of the statute would "condition [a state's] waiver of sovereign immunity for certain torts by prohibiting a plaintiff's federal rights." 98 NM at 7. Thus, the holding in *Wells* regarding federal claims is that a plaintiff may assert both a federal claim against a defendant as well as a state law claim under the Tort Claims Act. Mr. Beauvais is correct in stating that *Wells* "specifically says you can file a federal claim and a state claim arising under that, under that statute at the same time." Doc. 30 at 8:6-8. However, *Wells*

---

However, as the Court noted at the hearing, a defendant would then be entitled to remove the case to federal court. *Id.* at 12:8-11. Mr. Beauvais appears to confuse the ability to bring federal claims in state court with the concept of federal jurisdiction over federal claims. *See* Doc. 30 at 11:15-17 ("He [opposing counsel] still seems to persist in saying you can never bring a federal claim under -- in state court under the Tort Claims Act."), and "[Y]ou can't come to any conclusion except you can sue a local detention officer under the law enforcement exception to the Tort Claims Act for federal and state constitutional violation." Doc. 30 at 11:10-12. .

[4]  Here, the Court assumes that "constitutional claim" refers to claims asserted under the federal constitution, such as the First and Fourteenth Amendment violations asserted in the Amended Complaint. This assumption is also based on Mr. Beauvais' statement that the Tort Claims Act allows him to file a state claim in state court asserting a violation of the federal Constitution. Doc. 30 at 13:8-13.

[5]  Section 41-4-17(A) states that the Tort Claims Act "shall be the exclusive remedy against a governmental entity or public employee for any tort for which immunity has been waived under the Tort Claims Act and no other claim, civil action or proceeding for damages, by reason of the same occurrence, may be brought against a governmental entity or against the public employee or his estate whose act or omission gave rise to the suit or claim."

does not hold, nor is there any way to construe *Wells* to hold, that a federal claim becomes a state law claim if asserted under the Tort Claims Act.

B.      State Law Tort Claims

The Court is imposing sanctions under § 1927 primarily because the re-filing of Plaintiff's federal claims was frivolous and/or vexatious. However, in his pleadings and at oral argument, Mr. Beauvais ventured into another area which the Court believed was laid to rest in its Memorandum Opinion and Order. This issue is distinct from Mr. Beauvais' bizarre argument that federal claims become state claims pursuant to § 41-4-12. Despite the Court's ruling that the individual Defendants in this case are not "law enforcement officers" for purposes of § 41-4-12 (Doc. 20 at 7-8), Mr. Beauvais continued to insist that the exception in § 41-4-12 applies in this case. In its discussion above, the Court has already noted that in the cases on which Plaintiff's counsel relies, jailers were determined to be "law enforcement officers" as defined under New Mexico law. However, no New Mexico court has held that private corrections officers are law enforcement officers under the Tort Claims Act.

In his response to the instant motion for sanctions under § 1927, Mr. Beauvais held fast to the same losing argument, citing two additional cases which the Court has already addressed in the context of the discussion relating to federal claims: *Doe v. City of Abq*, 96 N.M. 433 (1981), and *Lessen v. City of Abq.*, 144 N.M. 314 (Ct. App. 2008). It is not clear why Mr. Beauvais would choose these cases to bolster his argument that he can sue the individual Defendants under the Tort Claims Act, since in both of those cases the defendants were government employees as well as "law enforcement officers" under New Mexico law, as opposed to private corrections officers working for a private company contracting with Lincoln County.

At oral argument, Mr. Beauvais also cited to *Coyazo v. State* , 120 N.M. 47 (Ct. App.1995) (*see discussion above*) which held that members of the district attorney's office are not "law enforcement officers." 120 N.M. at 49.  At the hearing, Mr. Beauvais described *Coyazo* as drawing a distinction "between state correctional officers and local detention officers." Doc. 30 at 9:5-8.  Upon extensive review of *Coyazo*, the Court cannot locate any part of the opinion which speaks to this distinction.  *Coyazo* examined the traditional duties of law enforcement officers based on other New Mexico cases, and came to the conclusion that members of the district attorney's office were not engaged such duties.  *Coyazo* is devoid of any discussion on the question of whether private corrections officers are considered "law enforcement officers." Thus, the only New Mexico case that has any applicability to the state law question of whether the individual Defendants are "law enforcement officers" is *Callaway*.  The Amended Complaint in the instant case alleges that Defendant

> is a for profit corporation doing business in this District sufficient to confer in personam jurisdiction.  Defendant Emerald Correctional Management, LLC has contractually agreed to operate the Lincoln County New Mexico detention Facility and indemnify the County of Lincoln, New Mexico for all claims or demands causally related to the operation of the jail facility.  At all times material Defendant Emerald Correctional Management, LLC it employees [sic] and agents were acting under color of state law in concert with the County of Lincoln in the operation of a public detention facility.[6]

Doc. 11, ¶¶ 2-3.  These allegations clearly designate the individual Defendants as private corrections officers, which under *Callaway* are not considered "law enforcement officers" under

---

[6] Plaintiff's reference to conduct performed "under color of law" is an element of a federal § 1983 claim—which Plaintiff insists he is not asserting.  *See Johnson v. Rodrigues,* 293 F.3d 1196, 1202 (10th Cir. 2002) ("color of law" requirement).  State actor status under § 1983 and private actor status for purposes of the Tort Claims Act are not inconsistent.  An individual can be alleged to be a private actor (thus, *not* a public employee) for purposes of New Mexico state tort law and at the same time be acting "under color of state law" for purposes of § 1983 liability.  This is because actions performed "under color of state law" under § 1983 and actions performed as a "public employee" under the Tort Claims Act are "distinct concepts."  *Giron v. Corrections Corp. of America*, 14 F. Supp.2d 1245, 1251-1252 (D.N.M. 1998) (concluding that defendant is both a state actor for § 1983 purposes, and at the same time that defendant did not enjoy the immunity provided to "public employees" within the meaning of the Tort Claims Act).

the Tort Claims Act. Mr. Beauvais has not provided the Court with any legal or factual basis to conclude otherwise. At the same time, he refuses to understand *Callaway* for what it stands for and even professed surprise that the Court would rely on *Callaway* to conclude that the Defendants are not "law enforcement officers." Doc. 30 at 9:4-6 ("I was somewhat taken aback when the court came back with *Callaway,* which is absolutely inapposite to the issue.").

**III.     Whether Sanctions Are Warranted**

Mr. Beauvais contends that his conduct is not sanctionable conduct under § 1927 because he has not shown an intentional reckless disregard of his duty to the Court. *See Miera v. Dairyland Ins. Co.,* 143 F.3d 1337, 1342 (10th Cir. 1998). Mr. Beauvais also states that he has not "tried to be obstreperous at all." Doc. 30 at 7:23-25.

Mr. Beauvais tries to demonstrate that his decision to re-file the federal constitutional claims was based on his understanding of case law. However, the Court has gone to great lengths to include in this discussion almost all of the cases cited by Mr. Beauvais in his pleadings and at oral argument, so as to emphasize the unreasonableness of Mr. Beavais' reliance on these cases. Despite defense counsel's admonitions in the pleadings which sought dismissal, Mr. Beauvais continued to pursue these federal claims, notwithstanding the existence of black-letter law which precluded him from doing so. *See, e.g., Preiss v. S & R Production Co.*, 2011 WL 4402952, 2 (D. Nev. 2011) (plaintiffs unreasonably and vexatiously multiplied pleadings in bad faith by not conceding their claim in their response, by presenting a "ridiculous and nonsensical argument," and needlessly requiring defendants to defend against the claim).

Under § 1927, an attorney acts in bad faith when he acts recklessly or with indifference to the law; is cavalier or bent on misleading the court; intentionally acts without a plausible basis; or when the entire course of the proceedings is unwarranted. *Miera,* 143 F.3d at 1342; *Steinert*,

440 F.3d at 1221.  Mr. Beauvais' conduct fits all of these descriptions of bad faith.  His interpretation of § 41-4-12 of the Tort Claims Act, under which he contends that he may file federal claims as state law claims, has no plausible basis.  Moreover, the Court truly wonders if Mr. Beauvais read any of the cases he cited, since his description of their analyses and holdings is so off-point.  This Court is not required to take on good faith arguments that are outlandish:

> Courts are in no way obligated to tolerate arguments that thoroughly defy common sense. Such conduct is permissible in our society for the very young, those attempting to make a joke or, occasionally, philosophers, but it cannot be allowed of one engaged in the serious work of a practicing attorney appearing before a court of law.

*Charczuk v. C.I.R.*, 771 F.2d 471, 475-76 (10th Cir. 1985); *see also Takaba v. C.I.R.,* T.C. 285, 302 (U.S. Tax Ct. 2002) (finding that by acting recklessly in making arguments that "thoroughly defy common sense," attorney acted recklessly and in bad faith, constituting sanctionable conduct under § 1927) (citing *Charczuk*, 771 F.2d at 475-76).

This case never should have been removed to federal court.  Following Judge Baldock's dismissal with prejudice of Plaintiff's federal claims, Mr. Beauvais should have proceeded only with Plaintiff's state law claims in state court, thus eliminating the possibility of removal by Defendants.  The Court has heard all of Mr. Beauvais' adamant protestations regarding what he understands the Tort Claims Act to allow.  There is, however, no excuse for a practicing attorney in federal court not to know the difference between federal and state claims, and not to understand the basis for original federal jurisdiction.  For these reasons, the Court finds that sanctions under § 1927 are warranted in the form of attorney's fees and costs associated with the following pleadings filed by Defendants:

- Motion to Dismiss filed by Defendant Emerald Correctional Management, LLC ("Emerald"), filed on February 12, 2013 **(Doc. 5)**;

- Defendant Emerald's Motion for Sanctions Pursuant to Fed.R.Civ.P. 11, filed on March 11, 2013 **(Doc. 14)**; and

- Defendant's response to Plaintiff's Motion to Remand (self-styled as "Plaintiff's Objections to Removal and Motion to Remand," filed by Plaintiff on February 26, 2013 **(Doc. 9)**.

Defendant shall file an application for attorney's fees and costs associated with the above pleadings, including supporting affidavits and documentation **on or before Monday, July 22, 2013**; Plaintiff's objections to the reasonableness of Defendant's requests may be filed in accordance with the local rules of this court.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion for Sanctions Pursuant to 28 U.S.C. § 1927 **(Doc. 22)** is hereby GRANTED for reasons described in this Memorandum Opinion and Order. The amount of sanctions shall be determined by the Court following timely submission of the required documentation and after considering any timely filed objections.

_____
UNITED STATES DISTRICT JUDGE