IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

AARON RAMOS,

    Plaintiff,

    vs.                                                                                                                        No. 13-CV-00129-WJ-CG

EMERALD CORRECTIONAL MANAGEMENT, LLC;
JOHN KELLER; JOHN DOES 1-4,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING APPLICATION FOR ATTORNEY'S FEES

THIS MATTER comes before the Court upon an Application in Support of Court-Awarded Attorney's Fees Regarding Defendant Emerald's Motion for Sanctions Pursuant to 28 U.S.C. §1927 (**Doc. 32**), filed on July 18, 2013 by Defendant Emerald Correctional Management, LLC ("Defendant").   Having reviewed the parties' briefs and applicable law, I find that Defendant's application for fees is well-taken and shall be granted, overruling Plaintiff's objections.

### BACKGROUND

Plaintiff in this case brought federal constitutional and state law tort claims against Defendant for injuries he received while incarcerated at Lincoln County Detention Center.  The Court recently granted Defendant's Motion for Sanctions pursuant to §1927, granting an award of attorney's fees associated with Defendant's Motion to Dismiss, Response to Plaintiff's Motion to Remand  and Defendant's Motion for Sanctions.  Doc. 31.  The Court instructed Defendant to file an application for fees with supportive documentation, and allowed Plaintiff time to object. *Id.*

**DISCUSSION**

A court will generally determine what fee is reasonable by first calculating the lodestar times the total number of hours reasonably expended multiplied by a reasonable hourly rate and then adjust the lodestar upward or downward to account for the particularities of the suit and its outcome. *Hensley v. Eckerhart*, 461 U. S. 424, 433-34 (1983). In adjusting the lodestar, there is no precise rule or formula. The Court has discretion in making this equitable judgment. *Id*. at 436 37.

Attorney Adam Rafkin submits a request for fees in the amount of $2,242.02, for 13.80 of legal work, at an hourly rate of $175.00 for Mr. Rafkin, and $40.00 per hour for what appears to be for paralegal services. Doc. 32-1.[1] The Court finds these hourly rates to be very reasonable.

Mr. Beauvais raises two substantive objections: that Mr. Rafkin claims to have spent 2 hours to draft a motion to dismiss without more specific itemization; and that 11.2 hours in total to prepare three motions and responses is "excessive" for the length and scope of the motions. The Court summarily overrules these objections. Mr. Rafkin was not required to further parse the stages of preparation for a motion that took 2 hours to draft, and, considering the legal detours Mr. Beauvais' arguments took in this case, spending almost 12 hours to address these arguments was certainly not excessive or unreasonable.

The Court does not find it necessary to make any adjustments to the resulting lodestar amount.

**THEREFORE,**

---

[1] Mr. Rafkin's regular hourly rate is $200.00 per hour, but he agreed to represent Defendant Emerald in this matter at a rate of $175.00 per hour. One of the objections raised by Mr. Beauvais, Plaintiff's counsel, is that Mr. Rafkin has failed to specify whether he charged his regular hourly rate or a negotiated retainer for legal representation. However, as Mr. Rafkin points out, that information is clearly included in paragraph 3 of his Affidavit (Doc. 32-1).

**IT IS ORDERED** that Defendant's Application in Support of Court-Awarded Attorney's Fees Regarding Defendant Emerald's Motion for Sanctions Pursuant to 28 U.S.C. §1927 **(Doc. 32)** is well-taken, and Defendant is awarded attorney's fees in the total amount of **$2,242.02**.

_____
UNITED STATES DISTRICT JUDGE